## ADMINISTRATION OF TESTAMENTARY TRUSTS.

Circuit Court of Cuyahoga County.

ARTHUR G. PIKE ET AL V. WILLIS E. WHITE, EXECUTOR OF THE
ESTATE OF HANNAH K. GRAY ET AL.

Decided, November 9, 1908.

*Testamentary Trusts—Probate Courts—Have no Jurisdiction to Super-
vise Testamentary Trusts.*

1. The probate court has no jurisdiction conferred upon it by law, to
   supervise or control the administration of a testamentary trust.
2. Jurisdiction can not be conferred upon the probate court by will or
   any other private appointment, or by consent, empowering it to
   act as a court in supervising the administration of a testamentary
   trust.
3. When the probate court assumes to act under the provisions of a
   will conferring upon it supervisory powers over the administra-
   tion of a testamentary trust, its action is that of a mere arbitrator
   from which error will not lie.

*Burrows & Mason,* for plaintiff in error.
*Griswold & White* and *Alfred Clum,* contra.

HENRY, J.; MARVIN, J., concurs.

The parties to this proceeding in error stand as they stood in
relation to the original application in the probate court, and also
in the proceedings in error prosecuted in the court of common
pleas. The facts in brief are as follows:

Benjamin Gray died in 1901, survived by his widow and leav-
ing a will which devised his property to a trustee, for and dur-
ing the life of his said widow, remainder to certain collateral rel-
atives, the plaintiffs in error here. By the terms of this testamen-
tary trust the entire income from his estate was to be paid to his
widow, during her lifetime, and in case her necessities should
so require, the trustee was authorized to pay her such additional
amount out of this estate as the probate court, upon application,
should determine to be needed by her. Such application was
made and the case separately docketed in the probate court.
All other persons interested in the will were made parties de-
fendant and upon hearing had the probate court ordered that
the trustee pay the widow $1,000 a year, during the remainder

of her life, in equal monthly installments, and that he should sell certain unproductive property of the estate, consisting of unimproved village lots, from year to year, in order to provide the means of complying with this order. At that time the widow's health was poor but she subsequently recovered, so that, as now claimed, her pecuniary requirements were greatly lessened. She lived for about five years after this order was made, but received only about half of the five thousand dollars that was payable to her by the court's order, and of the amount received she left unexpended the sum of $1,000. A short time prior to her death, upon representation to the probate court that the unproductive property had proved unsaleable on the terms stipulated in the court's order in such amount as to provide money enough to comply with that order, the court entered a supplementary order directing the trustee to sell certain productive real estate for that purpose.

Since the death of the widow, the defendant in error here, as her personal representative, was proceeding to collect the arrears of her allowance from the trustee under her husband's will, when the plaintiffs in error here interposed a motion in the probate court for a modification of the previous orders in such wise as to prevent any further payments by the trustee, and possibly, also, to lay a foundation for collecting from the defendant in error the unexpended portion of the allowance that had been paid his decedent in her lifetime. Upon the hearing of this motion the probate court declined to receive any evidence, upon the ground that the matter was *res adjudicata* and the rights of the defendant in error here, to the full amount of his decedent's allowance, had vested and become fixed in her lifetime.

The common pleas court affirmed this judgment, and we are asked to reverse the judgment of both courts below.

Upon examination of the statutes conferring jurisdiction upon the probate court, both generally, as in Sections 524 and 525, Revised Statutes, and with special reference to testamentary trustees, as in Section 6330, Revised Statutes, etc., we fail to find that the probate court has any jurisdiction whatever conferred by law upon it to supervise or control the administration of a testamentary trust. See Rockel's Ohio Probate Practice, Sections 1295 and 1296.

On the contrary, jurisdiction in this behalf is vested exclusively in the court of common pleas by Section 6202, Revised Statutes.

Nor can the will confer upon the probate court jurisdiction to act as a court in the premises, for it is elementary that jurisdiction can not be vested in any court by mere private appointment or consent but only by virtue of constitutional provision or legislative enactment.

It follows, therefore, that the probate court's action in accordance with the appointment of the will of Benjamin Gray is entirely non-judicial. The probate judge for the time being simply acted as arbitrator in precisely the same manner that any other designated person might have acted. His action in the premises and his subsequent refusal to act further afford no proper basis for proceedings in error; hence the refusal of the court of common pleas to reverse the order of the probate court presents no prejudicial error and its judgment is affirmed.

---

## JUDGMENT CAN NOT BE AFFECTED BY EVIDENCE WITHHELD.